IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>vs. )<br>)<br>)<br>DONNIE MORRIS, )<br>)<br>Defendant. ) | Criminal No. 13-125<br>Judge Nora Barry Fischer |

**MEMORANDUM ORDER**

**I. INTRODUCTION**

Presently before the Court are Defendant Donnie Morris's pro se motion for compassionate release and brief in support, (Docket No. 864), his corresponding motion for discovery (Docket No. 865), the Government's response in opposition (Docket No. 867), Defendant's reply (Docket No. 875), and the Government's sur-reply (Docket No. 879). Defendant's motion seeks to reduce his 120-month sentence imposed by this Court to time served based on his post-sentencing rehabilitation efforts, as well as the risks posed by the COVID-19 pandemic, including the spread of same, within correctional institutions.[1] (Docket No. 864). The Government counters that Defendant has not presented an extraordinary and compelling reason for his release and that the

---

[1] Defendant requests that this Court appoint him counsel for his motion and "avers that appointment of counsel is warranted due to unannounced institutional lockdowns as a result of the novel COVID-19 virus which greatly restricts Defendant's ability to access the law library, the telephone, and email." (*See* Docket No. 864 at 1). However, his pro se motions were reviewed by the Office of the Federal Public Defender, which declined to file a counseled petition on his behalf. Accordingly, the Court denies his request as moot. *See* Misc. No. 2:20-mc-629, Administrative Order (W.D. Pa. Apr. 27, 2020); *see also United States v. White*, No. CR 14-178, 2020 WL 4350240, at *2 (W.D. Pa. July 29, 2020) (*See* Docket No. 80 at 6); *see generally* 3 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 735 (4th ed. 2021) ("Counsel also need not be appointed for motions for sentence reduction . . . [and] [s]imilarly, a sentence modification under 18 U.S.C.A. 3582(c) does not require the appointment of counsel.") (collecting cases)).

§ 3553(a) factors otherwise do not justify a reduction in his sentence for the very serious criminal charges at issue in this case. (Docket No. 867). After careful consideration of the parties' positions and for the following reasons, Defendant's motion [864] is denied, as the Court declines to exercise its discretion to reduce his sentence at this time.

## II. BACKGROUND

A federal grand jury returned a two-count Indictment on April 30, 2013 against Defendant and numerous co-conspirators. (*See* Docket No. 1). Specifically, the Indictment charged Defendant with conspiring to distribute more than one kilogram of heroin from in or around January 2011 to in or around June 2012, as well as an attempt to possess with intent to distribute one kilogram or more of heroin on or about June 27, 2012 to on or about June 28, 2012, both in violation of 21 U.S.C. § 846. (*See id.*). A Superseding Indictment was returned on July 23, 2013, expanding the time period of the conspiracy from January 2011 to May 2013, and adding two defendants. (*See* Docket No. 141). On November 3, 2014, Defendant knowingly and voluntarily pled guilty, pursuant to a plea agreement, to Count 1 of the Superseding Indictment. (*See* Docket No. 499).

On January 20, 2015, the Probation Office prepared a Presentence Investigation Report, and because the advisory guidelines range of 87-108 months was below the mandatory statutory minimum, the advisory guidelines range became 120 months' incarceration. (*See* Docket No. 551). At the telephonic pre-sentencing conference with counsel and the Probation Officer on August 25, 2016, the Court advised that it was bound "by the will of Congress" to impose the mandatory minimum sentence. (*See* Docket No. 827 at 17). On August 31, 2016, the Court held a sentencing hearing, and after carefully examining the 18 U.S.C. § 3553(a) factors, sentenced Defendant to the mandatory minimum term of 120 months' imprisonment to be followed by a term of 5 years' supervised release. (Docket No. 60). Defendant did not appeal his conviction or sentence to the

2

Court of Appeals. He later filed a § 2255 Motion which this Court denied in a Memorandum Opinion and Order dated February 4, 2019. (Docket Nos. 836; 837). The BOP currently reports that his projected release date is April 11, 2025.

On May 7, 2021, while serving his term of imprisonment at USP Hazelton in Bruceton Mills, West Virginia, Defendant filed an administrative request for compassionate release to the Warden. (Docket No. 864-1 at 3). The Warden denied his request on May 11, 2021. (*See id.* at 2). Then, on May 17, 2021, Defendant filed the instant motion for compassionate release seeking a reduction of his sentence to time served based on his post-sentencing rehabilitation efforts and the COVID-19 pandemic. (Docket No. 864). That same date, he filed a motion for discovery of certain documents to support his motion, including "current inmate progress report[;] current pattern score sheet; and, current male custody classification." The Government responded in opposition on July 1, 2021, arguing that Defendant is not entitled to compassionate release. (*See* Docket No. 867). Defendant filed a reply on August 3, 2021, and the Government filed a sur-reply on August 18, 2021. (Docket No. 875; Docket No. 879). As such, the Court considers Defendant's motion to be fully briefed and ripe for disposition.

**III. DISCUSSION**

The Court initially turns to the prevailing legal standard. "[A]s a general matter, a court cannot modify a term of imprisonment after it has been imposed without specific authorization." *McMillan v. United States*, 257 F. App'x 477, 479 (3d Cir. 2007); *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) ("A federal court generally may not modify a term of imprisonment once it has been imposed."). One such specific authorization is the First Step Act's amendment of 18 U.S.C. § 3582. *See United States v. Pawlowski*, 967 F.3d 327, 329 (3d Cir. 2020). Pursuant to that

3

provision, a court may modify a defendant's term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

> In addition, the reviewing court must consider: (1) whether the defendant has exhausted the appropriate administrative remedies; (2) the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable; and (3) whether such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

United States v. Burrus, Crim. No. 19-284, 2020 WL 3799753, at *4 (W.D. Pa. Jul. 7, 2020) (citing United States v. Graves, Crim. No. 17-318, Docket No. 28 (W.D. Pa. Jun. 10, 2020) (Hornak, C.J.) and 18 U.S.C. § 3582(c)(1)(A)(i)).

At the outset, the Government does not contest that Defendant has sufficiently exhausted administrative remedies. (*See* Docket No. 867). Instead, the Government contends that Defendant cannot meet (2) and (3). *See generally id.* Therefore, it is Defendant's burden to show: "extraordinary and compelling reasons" justifying a reduction, 18 U.S.C. § 3582(c)(1)(A)(i); that the § 3553(a) factors support the requested reduction; and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." *Burrus*, 2020 WL 3799753, at *4 (citation omitted). In addition, under the relevant policy statement in the Guidelines, the Court is to consider whether the defendant is a danger to the safety of any other person or the community as provided in 18 U.S.C. § 3142(g). *See* U.S.S.G. § 1B1.13(2).

### A. EXTRAORDINARY AND COMPELLING REASONS

In this Court's estimation, Defendant has not sufficiently demonstrated extraordinary and compelling reasons for the Court to exercise its discretion to grant him compassionate release based on the general risks posed by the COVID-19 pandemic. Defendant is 38 years old, and in support of his motion, he "avers that COVID-19 is a real and present danger to anyone, especially those confined where they have very little social distancing and difficulty accessing items to

provide self-care." (Docket No. 875 at 1). However, Defendant has neither argued nor presented the Court with medical records or other evidence to show that he has a medical condition that would make him more susceptible to severe illness if he contracted COVID-19. (*See generally* Docket No. 864; Docket No. 875). In addition, Defendant has not asserted that he contracted COVID-19 while incarcerated at USP Hazelton nor provided any information as to whether he has received or refused a COVID-19 vaccination. (*See id.*). Although the Court recognizes there was a prior outbreak of cases at that facility, the BOP reports that there are currently only 2 positive cases among the inmate population; 130 inmates have recovered; and one death occurred at the facility.[2] *See* https://www.bop.gov/coronavirus/ (last visited 08/25/2021). As the Court of Appeals has held previously, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *cf. United States v. Roeder*, 807 F. App'x 157, 161 (3d Cir. 2020) ("[T]he existence of some health risk to every federal prisoner as the result of this global pandemic does not, without more, provide the sole basis for granting release to each and every prisoner within our Circuit.").

### B. SECTION 3353(a) FACTORS

Assuming Defendant had met his burden to show extraordinary and compelling reasons for release, his motion would also be denied because the § 3553(a) factors weigh against reducing the

---

[2] The BOP also currently reports that it is working with the CDC "to ensure the BOP remains prepared to receive and administer the COVID-19 vaccine as it is made available," and to date has distributed 216,832 doses and administered 212,754 doses of the COVID-19 vaccine. *See* https://www.bop.gov/coronavirus/ (last visited 08/25/2021). In addition, Hazelton FCC has reportedly fully inoculated 1,991 inmates with the COVID-19 vaccinate. (*Id.*).

sentence of incarceration in this case. To that end, Defendant was sentenced to 120 months' incarceration, which represented the mandatory minimum sentence. (*See* Docket No. 744). Neither party appealed the Court's judgment. At the sentencing hearing, the Court weighed the § 3553(a) factors, exercised its discretion and sentenced Defendant to the mandatory minimum term of 120 months' incarceration. (*See id.*). The Court has once again carefully considered all of the § 3553(a) factors and finds that Defendant's "history and characteristics" and "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, … to provide just punishment for the offense[, and] to afford adequate deterrence to criminal conduct," do not justify a sentence reduction here. 18 U.S.C. §§ 3553(a)(1), (a)(2)(A)-(B).

In that regard, the Court believes that such sentence remains sufficient, but not greater than necessary to meet all of the goals of sentencing in this case. *See* 18 U.S.C. § 3553(a)(1). The sentence also accounts for the seriousness of the offense and the gravity of the offense conduct, which included Defendant conspiring to distribute and possess with the intent to distribute a significant quantity of heroin over the course of a two-year period, and is necessary to protect the public from the danger that Defendant presents to the community, thereby making a reduction inconsistent with § 3553(a)(2)(C) and U.S.S.G. § 1B1.13(2). *See also United States v. Atkins*, 2015 WL 4920831, at *7 (W.D. Pa. Aug. 18, 2015) ("Drug trafficking certainly poses a substantial risk of harm to the community, particularly the trafficking of very dangerous and addictive drugs like heroin."); *United States v. Yarbough*, 2014 WL 7343839, at *4 (W.D. Pa. Dec. 23, 2014) (McVerry, J.) ("[H]eroin trafficking represents a substantial danger to the community."). To that end, as the Court held previously, "he invested thousands of dollars into [a] heroin resupply trip which resulted in law enforcement's recovery of $200,000 and 2,000 bricks of heroin, [weighing] in excess of 1 kilogram." (Docket No. 836 at 13). He also possessed a firearm, ammunition, drug

paraphernalia and suspected heroin packaged for sale, all of which were seized from his residence. (*Id*. at 14). The Court therefore agrees with the Government that "[a] sentence reduction would fail to account for the severity of the heroin trafficking crime he committed, how he committed it, and for how long he committed it." (*See* Docket No. 867 at 8).

Further, Defendant has a substantial portion of his sentencing remaining at this time. In that regard, he self-reported to the BOP and commenced serving his sentence on October 5, 2016 and has therefore served less than half of the 120-month sentence, with a projected release date of April 11, 2025 if he earns all applicable good time credit. (Docket No. 864-1 at 2). While Defendant has engaged in rehabilitative efforts in prison by completing educational and vocational programs, serving as a mentor to younger, less mature inmates, and remaining incident free, "his prison record alone does not justify reducing his term of imprisonment to time served." *See United States v. Longo*, Crim. No. 14-57, Docket No. 63 at 8 (W.D. Pa. Apr. 28, 2021). Finally, Defendant's sentence provides general deterrence to others and also promotes respect for the law, but reducing the sentence to time served as requested by the Defendant, "would be inconsistent with the section 3553(a) factors." *Pawlowski*, 967 F.3d at 330.

## IV. CONCLUSION

For all of these reasons,

IT IS HEREBY ORDERED that Defendant's Motion [864] seeking compassionate release is DENIED.[3]

---

[3] Defendant's motion for discovery (Docket No. [865]) is also denied. "There is no general constitutional right to discovery in a criminal case," *see Weatherford v. Bursey*, 429 U.S. 545, 559 (1977), and Defendant "has not provided the Court any legal authority establishing a right to discovery on a motion for compassionate release." *See United States v. Ballenger*, 2021 WL 308814, at *5 (W.D. Wash. Jan. 29, 2021). Additionally, although Defendant requests the production of his current pattern score sheet as part of his motion for discovery, *see* (Docket No. 865), he attaches same to his motion for compassionate release, rendering said request moot. (*See*

                                                         *s/Nora Barry Fischer*
                                                         Nora Barry Fischer
                                                         Senior U.S. District Judge

Date:  August 27, 2021

cc/ecf:  All counsel of record.

       Donnie Morris
       BOP # 34136-068
       USP Hazelton
       U.S. Penitentiary
       P.O. Box 2000
       Bruceton Mills, WV 26525
       (via U.S. mail)

---

Docket No. 864-1 at 1). To that end, his "male pattern risk scoring" as of April 26, 2021 reflects that Defendant has completed two or three programs while incarcerated and presents an overall "minimum" risk level. (*See id.*). Moreover, the documents that Defendant requests are to demonstrate his good prison record, while this Court has already stated that "his prison record alone does not justify reducing his term of imprisonment to time served." *See infra* at 6-7 (citing *United States v. Longo*, Crim. No. 14-57, Docket No. 63 at 8 (W.D. Pa. Apr. 28, 2021)). Accordingly, Defendant's motion for discovery is denied.