IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| v. | )  Criminal No. 13-125 |
| | )  Judge Nora Barry Fischer |
| DONNIE MORRIS, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

**I. INTRODUCTION**

Presently before the Court is pro se Defendant Donnie Morris's Renewed Motion for Release/Reduced Sentence pursuant to the CARES and/or First Step Act, (Docket No. 890), and the Government's Response in opposition, (Docket No. 895). The Court previously denied a motion for compassionate release arguing that Defendant's release was warranted due to the COVID-19 pandemic, his personal risk factors, and post-sentencing rehabilitation. Defendant now seeks to reduce his 120-month sentence to time served because recent Third Circuit precedent, *United States v. Perez*, 5 F.4th 390 (3d Cir. 2021), allegedly lowers his advisory sentencing guideline range and justifies his early release. (Docket Nos. 744, 890). The Government opposes the sentence reduction because: (1) Defendant did not exhaust his administrative remedies, (2) Defendant has not shown an "extraordinary and compelling" reason for relief, and (3) the 18 U.S.C. § 3553(a) factors do not justify a reduction in his sentence. (Docket No. 895). After careful consideration of the parties' positions and for the following reasons, Defendant's Renewed Motion [890] is denied.

**II. BACKGROUND**

1

The Court has addressed Defendant's circumstances several times in the past, including in the Memorandum Opinion denying his first motion for compassionate release. (Docket Nos. 836, 881). As such, the Court will forego reciting a detailed background of Defendant's case. On August 31, 2016, the Court sentenced Defendant to 120 months' imprisonment for conspiracy to distribute and possess with intent to distribute one kilogram or more of a mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(i). (Docket Nos. 141, 744). The Court's sentence of 120 months' is the statutory minimum under 21 U.S.C. § 841(b)(1)(A). In May 2021, Defendant moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), arguing that conditions in prison brought about by the COVID-19 pandemic constituted extraordinary and compelling reasons for his release. (Docket No. 864). After careful review of Defendant's circumstances, the Court denied his motion on August 27, 2021. (Docket No. 881).

A few months later, on March 7, 2022, Defendant filed a renewed motion for release, this time arguing that recent Third Circuit precedent would have resulted in a lower advisory guideline range if the precedent had been issued before his sentence was imposed. (Docket No. 890). The Government responded in opposition on April 14, 2022. (Docket No. 895). Neither party has requested additional briefing and the Court does not believe that further briefing is necessary. As such, the Court considers Defendant's motion to be fully briefed and ripe for disposition.

**III. DISCUSSION**

The Court initially turns to the prevailing legal standard. "[A]s a general matter, a court cannot modify a term of imprisonment after it has been imposed without specific authorization." *McMillan v. United States*, 257 F. App'x 477, 479 (3d Cir. 2007); *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) ("A federal court generally may not modify a term of imprisonment once

2

it has been imposed." (internal quotation marks omitted) (quoting 18 U.S.C. § 3582(c))). One such specific authorization is the First Step Act's amendment of 18 U.S.C. § 3582. *See United States v. Pawlowski*, 967 F.3d 327, 329 (3d Cir. 2020). To obtain relief under § 3582, a defendant must request that "the Director of the Bureau of Prisons," seek a reduction of the defendant's sentence on the defendant's behalf. § 3582(c)(1)(A). Or, if "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier," the defendant may file a motion before the sentencing court on his own behalf. § 3582(c)(1)(A). Assuming a defendant's motion is properly before the sentencing court, "a prisoner's motion may be granted if the court finds that the sentence reduction is (1) warranted by 'extraordinary and compelling reasons'; (2) 'consistent with applicable policy statements issued by the Sentencing Commission'; and (3) supported by the traditional sentencing factors under 18 U.S.C. § 3553(a)," to the extent they are applicable. *United States v. Andrews*, 12 F.4th 255, 258 (3d Cir. 2021).[1]

### A. Exhaustion of Administrative Remedies

At the outset, the Court will address whether Defendant's motion is properly before it. In his prior motion, Defendant stated the following regarding his duty to exhaust his administrative remedies: "Defendant has exhausted his Administrative Remedies consistent with Section 603(b) of the First Step Act (Exhibit A)." (Docket No. 864 at 1). Exhibit A was a copy of his May 4, 2021

---

[1] As the Third Circuit in *Andrews* explained, no "applicable policy statements issued by the Sentencing Commission" presently bind the Court because the Sentencing Commission has not updated its policy statements to address prisoner-initiated compassionate release motions. 12 F.4th at 259 n.4. Still, the policy statements remain persuasive authority for the Court as it determines what constitutes an "extraordinary and compelling" reason for a sentence reduction. *Id.* at 259-60.

request for release by the warden of his facility as well as a response by the warden denying his request. (Docket No. 864-1). In the request for release as well as in his first § 3582(c) motion to the Court, Defendant asked for release because of difficult conditions of confinement resulting from the pandemic and his post-sentence rehabilitation efforts. (Docket No. 864 at 1-2). In his present motion, Defendant repeats the language from his first motion regarding exhaustion of administrative remedies: "Defendant has exhausted his Administrative Remedies consistent with Section 603(b) of the First Step Act (Exhibit A)." (Docket No. 890 at 1). This time, however, Defendant did not attach an "Exhibit A" showing proof of his request for release to the warden of his facility. (Docket No. 890). The Government asserts that Defendant did not show that he had exhausted his administrative remedies for his second release motion, and thus the Court should deny his requested relief. (Docket No. 895 at 4-6).

The Court finds that Defendant's bare recitation that he has exhausted his administrative remedies, without evidence of same, is not enough to satisfy the requirement of § 3582(c)(1)(A). Failing to exhaust his administrative remedies is a "glaring roadblock" to the relief he seeks. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). The only question remaining is whether his exhaustion for his first release motion could count as exhaustion for his renewed motion. After careful review, the Court holds that Defendant must again exhaust his administrative remedies before bringing a second motion under § 3582(c). Given that Defendant has not exhausted his administrative remedies a second time, the present motion is not properly before the Court.

To seek relief under § 3582(c)(1)(A), a defendant has to file a "motion" with the sentencing court asking for release. § 3582(c)(1)(A). Under § 3582(c), a defendant must satisfy one of two pre-conditions in order to file this "motion" with the sentencing court: (1) exhaust an administrative appeal of the warden's refusal to file a motion on his behalf or (2) wait 30 days after

4

making a request with the BOP to file a motion on his behalf. § 3582(c). Motions are discrete acts, and their power to bring about relief ends when a court grants or denies the requested relief in the form of an order. *Motion*, BLACK'S LAW DICTIONARY (11th ed. 2019) (defining "motion" as "a written or oral application requesting a court to make a specified ruling or order"). When considering the legal definition of a motion, the effect of which ends when a sentencing court issues an order disposing of it, the Court believes that each motion brought under § 3582(c) must satisfy one of the two-preconditions of seeking relief from the BOP. In other words, a defendant must exhaust his administrative remedies a second time if he wants to file a second motion for compassionate release.

The Court's interpretation of the statute aligns with the growing consensus on the question of renewed or successive motions for release. *See,* e.g., *United States v. Cain*, 16-cr-103, 2021 WL 388426, at *4 (D. Me. Feb. 3, 2021) (collecting cases and concluding that "[s]uccessive compassionate release motions must independently satisfy the exhaustion requirement"); *United States v. Keller*, 2 F.4th 1278, 1283 (9th Cir. 2021); *United States v. Richardson*, 12-cr-576, 2021 WL 3193972, at *2 (D.N.J. July 28, 2021). In sum, Defendant must exhaust his administrative remedies a second time before bringing a second motion for compassionate release, something he has not done here. Therefore, the Court will deny Defendant's § 3582(c) motion.

    B. *Extraordinary and Compelling Reasons*

The Court next finds that even if Defendant had properly exhausted his administrative remedies, he has not demonstrated that "extraordinary and compelling" reasons warrant a reduction in his sentence. Defendant asserts that *United States v. Perez*, 5 F.4th 390 (3d Cir. 2021) changed the law such that he would face a lower advisory guideline range if *Perez* had been in effect when he was sentenced in 2016. (Docket No. 890 at 2-3). In *Perez*, the Third Circuit

5

addressed Sentencing Guideline § 2K2.1(b)(6)(B), an offense level enhancement used for purposes of calculating a defendant's advisory guideline range and applicable in situations where a defendant "used or possessed any firearm or ammunition in connection with another felony offense." § 2K2.1(b)(6)(B). Defendant argues that under *Perez*, he would not have received an offense level enhancement for several firearms located at his home when he was arrested, and thus his advisory guideline range would have been lower. (Docket No. 890 at 3).

In the Court's view, Defendant has not demonstrated an "extraordinary and compelling" ground for a sentence reduction for several reasons. First, supposed errors in the calculation of a defendant's sentence "can be raised only in a § 2255 motion," not a motion brought pursuant to § 3582(c)(1)(A). *United States v. Henderson*, 858 F. App'x 466, 469 n.2 (3d Cir. May 27, 2021) (collecting cases); *see also United States v. Webb*, 2022 WL 206174, at *3 (E.D. Pa. Jan. 24, 2022) (holding that "a motion for compassionate release is not the proper mechanism by which to assert" challenges to the legality of a defendant's conviction and sentence and collecting cases holding same).

Second, the Court gave Defendant the statutory minimum sentence of 120 months imprisonment. (Docket No. 744); 21 U.S.C. § 841(b)(1)(A). Any favorable adjustment in the calculation of Defendant's advisory guideline range could not decrease the number of months imposed by the Court. Indeed, the Court determined that Defendant's advisory guideline range was 87 to 108 months, below the minimum 120-month sentence. (Docket No. 574 at 3-4). Nonetheless, the Court had to follow the statute and impose a minimum sentence of 120 months.

Third, the enhancement at issue in *Perez*, Guideline § 2K2.1(b)(6)(B), was not applied in Defendant's case and thus *Perez* would not have aided him in reducing his advisory guidelines range. To the contrary, he was sentenced under Guideline § 2D1.1 for drug crimes and subject to

6

another enhancement under Guideline § 2D1.1(b)(1) which applies if the Government proves by a preponderance of the evidence that a drug trafficker "possessed" a firearm. *See United States v. Denmark*, 13 F.4th 315 (3d Cir. 2021). Therefore, it is this Court's opinion that Defendant has failed to meet his burden of proving that extraordinary or compelling circumstances justify his early release.

### C. Section 3553(a) Factors

The Court also holds that the weight of the § 3553(a) factors show that a reduction in Defendant's sentence is not warranted. To that end, Defendant pled guilty to conspiracy to distribute more than one kilogram of heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). (Docket No. 499). At Defendant's sentencing, the Court weighed the § 3553(a) factors, exercised its discretion, and sentenced Defendant to 120 months' imprisonment. (*See* Docket No. 744). The Court has once again carefully considered all of the § 3553(a) factors and finds that Defendant's "history and characteristics" and "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense[, and] to afford adequate deterrence to criminal conduct," do not justify a sentence reduction here. 18 U.S.C. §§ 3553(a)(1), (a)(2)(A)-(B).

In that regard, Defendant's 120-month sentence was the statutory minimum. (Docket No. 152 at 10). The Court believes that such sentence remains sufficient, but not greater than necessary to meet all of the goals of sentencing in this case. *See* 18 U.S.C. § 3553(a)(1). It remains this Court's belief that serving the full term of the 120-month sentence properly accounts for the seriousness of the offenses and the gravity of the offense conduct, *see id.* § 3553(a)(2)(A), as Defendant pled guilty to serious drug trafficking. (Docket No. 499); *see also United States v. Gay*, Crim. No. 14-154, Docket No. 153 (W.D. Pa. Feb. 19, 2021).

Additionally, the 120-month sentence is necessary to protect the public from the danger that Defendant presents to the community, thereby making a reduction inconsistent with § 3553(a)(2)(C) and U.S.S.G. § 1B1.13(2). *See also United States v. Williams*, Criminal No. 18-235, 2020 WL 4934659, at *7 (W.D. Pa. Aug. 24, 2020) ("As this Court has repeatedly observed, drug trafficking poses a substantial risk of harm to the community."); *United States v. Atkins*, Criminal No. 15-87, 2015 WL 4920831, at *7 (W.D. Pa. Aug. 18, 2015) ("Drug trafficking certainly poses a substantial risk of harm to the community, particularly the trafficking of very dangerous and addictive drugs."). Finally, the 120-month sentence provides general deterrence to others and also promotes respect for the law, where reducing the sentence to time served, as requested by Defendant, "would be inconsistent with the section 3553(a) factors." *Pawlowski*, 967 F.3d at 330.

### IV. CONCLUSION

For all of these reasons,

IT IS HEREBY ORDERED that Defendant's Renewed Motion [890] seeking compassionate release is DENIED.

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

Date:   April 25, 2022

cc/ecf:  All counsel of record.

Donnie Morris

BOP # 34136-068

USP Hazelton

P.O. Box 2000

Bruceton Mills, WV 26525

(via U.S. mail)